**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-5160**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMAR SERON RANDALL,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:10-cr-00174-MOC-1)

─────────────

Submitted: August 16, 2012      Decided: September 7, 2012

─────────────

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

─────────────

Dismissed in part; affirmed in part by unpublished per curiam opinion.

─────────────

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Jenny Grus Sugar, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamar Seron Randall seeks to appeal his conviction for one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2006), and his ninety-two month sentence. The Government seeks enforcement of the appellate waiver in Randall's plea agreement. We dismiss in part and affirm in part.

Randall first challenges the district court's denial of his motion to withdraw his guilty plea. The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). "[A] defendant does not have an absolute right to withdraw a guilty plea, even before sentencing." United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Instead, he must show that a "fair and just reason" supports his request to withdraw his plea. Id. Our review of the record leads us to conclude that Randall's plea was knowing and voluntary, and that the district court correctly denied Randall's motion to withdraw the plea. We therefore affirm the district court's denial.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we further conclude that Randall knowingly and voluntarily waived his right to appeal.

2

The remaining issues Randall seeks to raise relating to his conviction and sentence fall squarely within the compass of his waiver of appellate rights. Accordingly, we grant the Government's request to dismiss and dismiss the appeal in part.

To the extent Randall makes any challenge that falls outside the scope of his waiver, including as to the effectiveness of his counsel, we discern no cognizable error.[*] Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

---

[*] To the extent that Randall asserts that his trial counsel did not provide effective representation, our review on direct appeal is limited to the record. Having reviewed the available record, we find no conclusive support for Randall's claim. Any ineffective assistance of counsel argument that Randall wishes to assert that requires evidence beyond the record must be raised, if at all, in a post-conviction proceeding pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). E.g., United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

3