**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-7354**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JAMAR SERON RANDALL,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:10-cr-00174-MOC-1; 3:13-cv-00154-MOC)

_____

Submitted: January 21, 2014          Decided: April 2, 2014

_____

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

_____

Vacated in part and remanded by unpublished per curiam opinion.

_____

Jamar Seron Randall, Appellant Pro Se. William A. Brafford, Jennifer Lynn Dillon, Melissa Louise Rikard, Jenny Grus Sugar, Assistant United States Attorneys, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamar Seron Randall filed a 28 U.S.C. § 2255 (2012) motion, contending, <u>inter alia</u>, that his counsel was ineffective in advising him with regard to two plea offers and that, based on that faulty advice, he rejected the first plea offer and accepted the second one.[*] Randall seeks to appeal the district court's order denying § 2255 relief. For the reasons that follow, we grant a certificate of appealability, vacate in part the district court's order, and remand for further proceedings.

A federal grand jury charged Randall with possession of a firearm by a convicted felon, in violation 18 U.S.C. § 922(g) (2012). The Government offered Randall two plea agreements. Under the original plea deal, in addition to two levels of reduction in offense level for acceptance of responsibility pursuant to <u>U.S. Sentencing Guidelines Manual</u> § 3E1.1(a) (2010), the Government would have recommended that Randall receive an additional one-level reduction under USSG

---

[*] In his § 2255 motion, Randall also asserted he was denied effective assistance of counsel with regard to a motion to suppress. By failing to challenge the district court's rejection of this claim in his informal appellate brief, Randall has forfeited review of this issue. <u>See</u> 4th Cir. R. 34(b) (directing appealing parties to present specific arguments in an informal brief and stating that this court's review on appeal is limited to the issues raised in the informal brief).

§ 3E1.1(b). Randall was informed that, if he did not accept the plea deal by December 15, 2010, he would not receive the third level of reduction. He did not accept this plea offer.

Randall accepted a second plea agreement that was executed on January 3, 2011. That agreement expressly stated that "[t]he parties agree that with regard to acceptance of responsibility, a decrease of defendant's offense level by one additional level is not appropriate under [USSG] § 3E1.1." The district court subsequently sentenced Randall to ninety-two months' imprisonment, the bottom of the Guidelines range.

Randall appealed, challenging, among other issues, the validity of his guilty plea and the district court's denial of his motion to withdraw his guilty plea. This Court affirmed the district court on these issues and dismissed the remainder of Randall's appeal as barred by the waiver-of-appellate rights provision in the plea agreement. See United States v. Randall, 478 F. App'x 5 (4th Cir. 2012) (No. 11-5160).

In his § 2255 motion, as relevant to this appeal, Randall claimed that he was denied effective assistance of counsel in connection with the two plea offers. Regarding the first plea deal, Randall claimed that counsel told him he would receive a thirty-six-month sentence if he accepted that offer but then advised him to reject it because counsel could successfully move to suppress the firearm. He also said his

3

attorney advised him to reject the Government's plea offer because he had a viable double jeopardy claim. Without counsel's faulty advise, Randall asserted, he would have accepted the first plea offer and would have received the additional one-level reduction for acceptance of responsibility.

Turning to his ineffective assistance claim concerning the second plea offer, Randall said that his attorney conducted the same Guidelines calculations as he had with the first offer, but advised that the Guidelines range under the new offer would now be forty-one to fifty-one months because Randall lost the additional one-level reduction for acceptance of responsibility. He claimed that counsel assured him he would still proceed with the motion to suppress and the double jeopardy challenge, but advised him to accept the plea to "lock the [G]overnment in" to a particular sentence in the event that those challenges were unsuccessful. Randall stated that, but for counsel's faulty advice and misrepresentations, he would have rejected the plea offer and proceeded to trial.

The district court denied relief. Citing <u>United States v. Lemaster</u>, 403 F.3d 216, 221-22 (4th Cir. 2005) (absent compelling evidence to the contrary, "truth of sworn statements made during a Rule 11 colloquy is conclusively established"), the district court held that Randall's claims were belied by his sworn testimony at his Rule 11 hearing. The court rejected

4

Randall's reliance on two recent Supreme Court cases addressing ineffective assistance of counsel during the plea bargaining process, Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012), concluding that the Supreme Court had not held that these cases established a new right that was retroactively applicable to cases on collateral review. Furthermore, the district court held that the Fourth Circuit had already rejected Randall's ineffective assistance claims on direct appeal.

We conclude that the district court applied the wrong standard in denying Randall's claims. In Lafler, the Court held that the Sixth Amendment right to counsel applies to the plea bargaining process and that prejudice occurs when, absent deficient advice, the defendant would have accepted a plea deal that would have been approved by the court, and that "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." 132 S. Ct. at 1385. Because Lafler was the law in effect at the time Randall's conviction became final, the district court was bound to apply it in reviewing Randall's ineffective-assistance claim.

Moreover, the district court erred in its alternative holding that the issues raised in Randall's § 2255 motion were in fact litigated on direct review. Randall's claim on direct

review involved only whether his guilty plea was knowing and voluntary -- not whether his lawyer provided ineffective assistance. Indeed, we declined on direct appeal to consider any evidence of Randall's counsel's ineffectiveness not in the record, and invited Randall to file a § 2255 motion if he wished to make out an ineffective assistance claim. <u>Randall</u>, 478 F. App'x at 5 n.*.

Accordingly, we grant a certificate of appealability, vacate the portion of the district court's order denying relief on Randall's claims of ineffective assistance during the plea bargaining process, and remand for further proceedings consistent with this opinion. We express no view as to the merits of Randall's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED IN PART AND REMANDED</u>